UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INNS WORLDWIDE, INC.,** | |
| *Plaintiff*, | Civil Action No. 15-4318 |
| v. | OPINION |
| **HH PRAMUKH, LLC, et al.,** | |
| *Defendants*. | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Days Inns Worldwide, Inc.'s ("DIW") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 17. For the reasons stated below, the motion is **GRANTED**.

**I. BACKGROUND**

DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, Dkt. No. 1. It licenses the operation of Days Inn hotels. See id. ¶ 18. Defendant HH Pramukh, LLC ("HHP") is a South Carolina limited liability company with its principal place of business in Charleston, South Caroline. Id. ¶ 2. On August 18, 2015, DIW entered into a license agreement ("License Agreement") for the operation of a 119-room Days Inn hotel (the "Facility") in Hilton Head, South Carolina. Id. ¶ 18.

Pursuant to the License Agreement, HHP was obligated to operate the Facility for a fifteen-year term. Id. ¶ 19. In operating the Facility, HHP was required to make periodic payments to DIW for royalties, system assessments, taxes, interest, reservation system user fees, and other fees, (collectively, "Recurring Fees"), id. ¶ 20; prepare and submit monthly reports to DIW disclosing,

1

among other things, the amount of gross revenue earned at the Facility, id. ¶ 22; and maintain accurate financial information relating to the gross room revenue, and allow DIW to examine, audit, and make copies of the financial information, id. ¶ 23. The License Agreement states that any delinquent amounts owed would be assessed interest at a rate of 1.5% per month, or the maximum rate allowed by law, whichever is less. Id. ¶ 21. The License Agreement also provides that the non-prevailing party shall pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party in enforcing the License Agreement. Id. ¶ 25.

Defendants Gunatitprakesh Patel, Vimal Patel, Kiran Patel, Devendra Patel, and Kavyesh Patel (the "Individual Defendants") are all members of HHP, and provided DIW with a guaranty of HHP's obligations under the License Agreement. Id. ¶¶ 3-7, 26-28.

DIW could terminate the License Agreement with notice if HHP discontinued operating the Facility as a Days Inn hotel or lost possession of the facility. Id. ¶ 24. On February 28, 2012, HHP lost possession of the Facility to a third party. Id. ¶ 29. At the time, it owed Recurring Fees due to DIW pursuant to the License Agreement. Id. ¶ 30. HHP and the Individual Defendants (collectively, "Defendants") have failed to pay the outstanding fees. Id. ¶ 31.

DIW filed the instant lawsuit against Defendants on December 23, 2015, seeking an accounting and recovery of all unpaid fees. Dkt. No. 1. Defendants failed to answer or otherwise defendant the action. On April 20, 2016, DIW petitioned the Clerk of Court for an entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a). Dkt. No. 13. The Clerk of Court entered default against Defendants on April 21, 2016. Dkt. Entry dated April 21, 2016.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China

Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332. The Court also has personal jurisdiction over Defendants based upon consent to jurisdiction in this district in the License Agreement and the Guaranty. See Affidavit of Suzanne Fenimore ("Fenimore Aff.") Ex. A ¶ 17.6.3, Dkt. No. 17-3; see also Feinmore Aff. Ex. B ("We acknowledge that Section 17 of the [License] Agreement . . . applies to this Guaranty."). Plaintiff also provided the Court with proof of personal service of Gunatitprakesh Patel and Kiran Patel,

see Executed Summonses, Dkt. Nos. 5-6, and affidavits of diligent service on the remaining Defendants, see Certification of Bryan P. Couch ("Couch Cert.") Exs. A-E, Dkt. No. 17-2.[1]  Thus, the Court is satisfied that it has jurisdiction to enter default judgment and that Defendants were properly served.

### B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Comdyne I, 908 F.2d at 1149.  The Complaint pleads facts which, taken as true, establish Defendant's liability for breach of contract.

In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.[2]  Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012).  Here, DIW has alleged that (1) there were contractual relationships based on the License Agreement and the Guaranties; (2) Defendant HHP breached the License Agreement when it failed to pay outstanding fees after losing possession of the Facility to a third party; (3) the Individual Defendants breached the Guaranties when they failed to satisfy HHP's

---

[1] New Jersey law provides that, if personal service cannot be effectuated, a plaintiff may submit an affidavit containing facts which illustrate that "despite diligent effort and inquiry personal service cannot be made."  N.J. Ct. R. 4:4-4(b).  DIW has submitted affidavits for the unavailable Defendants, explaining DIW's attempts to locate and serve them.  DIW has also provided proof of service by mail on those Defendants' listed dwellings or businesses, as required by N.J. Ct. R. 4:4-3 and 4-4(b)(1)(C).  The Court is satisfied that these efforts were sufficiently diligent to warrant alternative service.  See Days Inns Worldwide, Inc. v. Patel, No. 13-6047, 2014 WL 2737893, at *2 (D.N.J. June 17, 2014).

[2] Although the franchise at issue was located in Florida, the License Agreement provides that the agreement shall be governed by and constructed under New Jersey law, except for conflicts of law principles.  Fenimore Aff. Ex. A ¶ 17.6.1.

obligations; and (3) DIW suffered resulting damages in the amount of $89,354.44, Fenimore Aff. ¶ 15. Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that DIW will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds that Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Couch Cert. ¶¶ 16-21; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, 908 F.2d at 1149. DIW seeks judgment in the amount of $89,354.44. Fenimore Aff. ¶ 15. This consists of (1) $49,730.98 in Recurring Fees owed under the License Agreement, (2) 39,493.91 in prejudgment interest, and (3) $129.55 in taxes. DIW provides an itemized statement of the overdue Recurring Fees that proves it is owed the requested $49,730.98. See Fenimore Aff. Ex. D. The invoice dates from which HHP's past-due recurring fees began accruing interest range from September 2011 to March 2012. Fenimore Aff. Ex. D. The Court is satisfied that the interest accrued from these dates, at a rate of

1.5% per month as provided by the License Agreement, matches the amount requested by DIW. Combining the principal outstanding balance, the accrued interest, and taxes equals the damages Plaintiff requests. Therefore, DIW is entitled to default judgment in the total amount of $89,354.44.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. An appropriate order accompanies this opinion.

Dated: December 14, 2016  /s Madeline Cox Arleo  
**MADELINE COX ARLEO**  
**United States District Judge**